**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DEBORAH HEUSINGER,**

                         **Plaintiff,**

v.                                                          **19-CV-1398JLS(Sr)**

**CATHOLIC HEALTH HOME AND**
**COMMUNITY BASED CARE**

                         **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Lawrence J Vilardo, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7. The matter was subsequently reassigned to the Hon. John L. Sinatra. Dkt. #7.

Plaintiff commenced this action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq*., alleging the following causes of action: (1) discrimination on the basis of age; (2) discrimination on the basis of disability; (3) violation of the ADA and ADEA by terminating plaintiff's employment in retaliation for her requesting medical leave as a reasonable accommodation for her disability and for her complaints regarding the conduct of subordinate staff members; and (4) violation of the FMLA by terminating plaintiff's employment after she took FMLA leave for treatment of her disability. Dkt. #1.

Currently before the Court is defendant's motion to dismiss the complaint for failure to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and failing to state a plausible cause of action. Dkt. #6.  For the following reasons, it is recommended that the complaint be dismissed.

## BACKGROUND

Plaintiff's complaint alleges that she was employed by the defendant as a registered nurse for more than 7 years. Dkt. #1, ¶ ¶ 8 & 18. Plaintiff is over the age of 40, has a disability, and took medical leave as a reasonable accommodation to treat her disability. Dkt. #1, ¶¶ 9, 11-12, 35 & 40. Subsequent to her medical leave, she was terminated from her supervisory position while younger individuals who plaintiff complained were insubordinate were not disciplined in any way. Dkt. #1, ¶ ¶ 21-22, 36-37 & 41. Plaintiff alleges that she filed a charge of discrimination with the EEOC and received a right to sue letter. Dkt. #1, ¶¶ 6-7.

In support of the motion to dismiss, defendant submits a declaration from Diane M. Pietraszewski, Systems Director, Labor Relations & HR Legal for Catholic Health System, declaring that plaintiff was terminated from her employment with defendant on December 27, 2017 and attaching a copy of the EEOC's Notice of Charge of Discrimination dated March 5, 2019 which states that "[t]he circumstances of the alleged discrimination are based on Disability and Age, and involve issues of Discharge that are alleged to have occurred on or about December 27, 2017." Dkt. #6-1.

## **DISCUSSION AND ANALYSIS**

**Dismissal Standard**

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Documents pertaining to a charge of discrimination filed with the EEOC, including notices sent to an employer indicating that plaintiff filed such charges, are considered integral to a complaint. *Marcus v. Leviton Mf'g Co., Inc., 15-CV-656,* 2016 WL 74415, at *1 n.3 (E.D.N.Y. Jan. 6, 2016), *aff'd*, 661 Fed App'x 29 (2016); *Washington v. Garage Mgmt. Corp.*, 11 Civ. 3420, 2012 WL 4336163, at *2 (S.D.N.Y. Sept. 20, 2012). In addition, a Court may take judicial notice of an EEOC charge and agency determination. *Muhammad v. New York City Transit Auth.,* 450 F. supp.2d 198, 204-05 (E.D.N.Y. 2006).

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted

Case 1:19-cv-01398-JLS-HKS   Document 13   Filed 08/24/20   Page 4 of 11

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

A plaintiff is not required to plead specific facts establishing a *prima facie* case of employment discrimination as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). However, the elements of a *prima facie* case provide an outline of what is necessary to render plaintiff's claims plausible and may, therefore, be considered in assessing whether there is sufficient factual matter in the complaint which, if true, provides the defendant with fair notice of plaintiff's claim, and the grounds on which it rests. *Kelly v. New York State Office of Mental Health,* 200 F. Supp.3d 378, 389 (E.D.N.Y. 2016).

### ADA & ADEA Claims

Defendant argues that plaintiff's ADA and ADEA claims are untimely. Dkt. #6-2.

-4-

Plaintiff responds that the Lily Ledbetter Fair Pay Act of 2009 ("Ledbetter Act"), 42 U.S.C. § 2000e-5, modifies the statute of limitations for decisions affecting compensation. Dkt. #11, p.3. More specifically, plaintiff responds that because defendant made a decision which ended plaintiff's compensation, plaintiff is afforded a two-year statute of limitations. Dkt. #11, p.3.

Defendant replies that the Ledbetter Act did not affect the application of the 300-day limitation period to ADA and ADEA claims. Dkt. #12, p.7.

A plaintiff seeking to recover under the ADA or ADEA must file a discrimination charge with the EEOC within 300 days of the occurrence of the allegedly unlawful employment practice or challenged discriminatory act. *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 328-329 (2d Cir. 1999) (ADEA); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). This precondition to suit, although not jurisdictional, is strictly enforced subject to limited exceptions for waiver, estoppel and equitable tolling. *Francis v. City of New York*, 235 F.3d 763, 767-68 (2d Cir. 2000); *See Benjamin v. Health & Hospitals Corp.*, 2009 WL 2959622, at *6 (E.D.N.Y. Sept. 11, 2009) ("Claims that accrued more than 300 days prior to a plaintiff's filing of an EEOC complaint are time-barred as this statutory requirement is analogous to a statute of limitations."), *aff'd,* 394 Fed. App'x 829 (2d Cir. 2010) .

The Ledbetter Act does not alter the requirement for filing a timely charge of discrimination but instead provides that the issuance of each paycheck affected by

application of a prior discriminatory compensation decision constitutes an independent, discrete act of discrimination. *DrNigris v. New York City Health & Hosps. Corp.*, 861 F. Supp.2d 185, 191 (S.D.N.Y. 2012). Stated another way, the Ledbetter Act restarts the statute of limitations clock for every paycheck received by an employee pursuant to an employer's discriminatory compensation decision or pay structure. *Russell v. County of Nassau,* 696 F. Supp.2d 213, 227 (E.D.N.Y. 2010). Plaintiffs who state a claim of discriminatory compensation may recover back pay for up to two years preceding the filing of the charge of discrimination. 42 U.S.C. § 2000e-5(3)(B). To benefit from the accrual provisions of the Ledbetter Act, however, a plaintiff must plead that her compensation was set in a discriminatory manner. *Davis v. Bombardier Transp. Holdings (USA) Inc.*, 794 F.3d 266, 269 (2d Cir. 2015); *See Zambrano-Lamhaouhi v. New York City Bd. of Educ.*, 866 F.Supp.2d 147, 167 (E.D.N.Y. 2011) ("Case law in the Second Circuit and elsewhere makes clear that the Ledbetter Act . . . applies only to discriminatory employment decisions specifically related to pay, and not to other employment decisions, even where such decisions directly affect pay."). Claims that compensation was reduced because of other adverse employment actions, such as termination, do not bring a claim within the ambit of the Ledbetter Act. *Davis,* 794 F.3d at 270-71.

In the instant case, the Ledbetter Act does not apply because plaintiff's loss of compensation was the result of her termination rather than a discriminatory pay structure. Furthermore, regardless of her theory of discrimination, plaintiff did not file a charge of discrimination within 300 days of any of the defendant's allegedly

discriminatory or retaliatory actions. Allegations regarding plaintiff's termination from employment on December 27, 2017 required a charge of discrimination to be filed no later than October 23, 2018. Although plaintiff failed to plead the date of filing of her charge of discrimination with the EEOC, the EEOC was required to provide notice to defendant within 10 days of receipt of the charge of discrimination. 29 C.F.R. § 1601.14(a). As the Notice of Charge of Discrimination (Dkt. #6-1, p.4), is dated March 5, 2019, plaintiff's charge of discrimination is presumed to have been filed no earlier than February 23, 2019, which is four months after the deadline. *See Washington*, 2012 WL 4336163, at *14 (dismissing ADA claim as untimely where it was presumed that the charge was filed 10 days before the EEOC sent notice of the charge to employer). As a result, it is recommended that plaintiff's ADA and ADEA claims be dismissed for failure to file a timely charge of discrimination with the EEOC.

### FMLA Claim

Defendant argues that the complaint fails to state a plausible claim under the FMLA. Dkt. #6-2, p.20.

Plaintiff responds that although she is not required to set forth a *prima facie* case, she has done so, but does specifically address her FMLA claim. Dkt. #11.

The Court of Appeals for the Second Circuit has recognized two types of FMLA claims: interference with FMLA rights and retaliation for exercising FMLA rights. *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 166 (2d Cir.

2017). Interference claims address a claim that an employer has prevented or otherwise impeded an employee's ability to exercise rights under the FMLA, while retaliation claims address an employee that has exercised rights under the FMLA or opposed perceived unlawful conduct under the FMLA and has then been subjected to some adverse employment action by the employer. *Id.* Given that plaintiff alleges that she "took medical leave as a reasonable accommodation to treat her disability" (Dkt. #1, ¶ 8), and that defendant "terminated [her] employment subsequent to taking her FMLA Leave," (Dkt. #1, ¶ 41), plaintiff's claim is for retaliation. *See Dass v. City Univ. of N.Y.*, 18-CV-11325, 2020 WL 1922689, at *8 (S.D.N.Y. April 21, 2020).

To state a claim for FMLA retaliation, a plaintiff must plausibly allege that: (1) she exercised rights protected by the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Potenza v. City of New York,* 365 F.3d 165, 168 (2d Cir. 2004). To satisfy the first prong, plaintiff must plausibly allege that she was entitled to FMLA leave. *Kim v. Goldberg, Weprin, Finkel Goldstein, LLP*, 862 F. Supp.2d 311, 318 (S.D.N.Y. 2012). To be entitled to FMLA leave, an employee must have worked at least 1,250 hours in the twelve months preceding the leave for an employer who employs 50 or more employees for each working day of twenty or more calendar workweeks in the current or proceeding calendar year. 29 U.S.C. § 2611(2) & (4). In addition, plaintiff must plausibly allege that leave is necessary because of, *inter alia*, a serious health condition that renders her unable to perform her work. 29 U.S.C. § 2612(a)(1). A serious health condition is

defined as an illness, injury, impairment or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility or continuing treatment by a health care provider. 29 U.S.C. § 2611(11). Retaliatory intent can be established indirectly, by showing that the protected activity was followed closely by discriminatory treatment, commonly referred to a "temporal proximity" or indirectly through evidence of disparate treatment of similarly-situated employees or directly through evidence of retaliatory animus toward plaintiff by defendant. *Alexander v. Board of Educ. of City Sch. Dist. of City of N.Y.*, 107 F. Supp.3d 323, 328-29 (S.D.N.Y. 2015), *aff'd*, 648 Fed. App'x 118 (2d Cir. 2016).

In the instant case, plaintiff's complaint fails to plausibly allege that her employer is subject to the FMLA and that she worked the requisite number of hours to be entitled to leave under the FMLA; that her disability qualified as a serious health condition that rendered her unable to perform her work; or that she was terminated under circumstances giving rise to an inference of retaliatory intent. *See Dighello v. Thurston Foods, Inc.,* 307 F. Supp.3d 5, 19 (D. Conn. 2018) (dismissing retaliation claim for failure to allege sufficient facts to demonstrate serious health condition as required to establish exercise of FMLA rights); *Fernandez v. Windmill Distributing Co.*, 159 F. Supp.3d 351, 365 (S.D.N.Y. 2016) (allegation that defendant retaliated against plaintiff for exercising her FMLA rights by terminating her two months after she returned to work is insufficient to plausibly allege an inference of retaliatory intent); *Higgins v. NYP Holdings, Inc.,* 836 F. Supp.2d 182, 194 (S.D.N.Y. 2011) (allegations of entitlement to FMLA leave is "a necessary predicate" to retaliation claim); *Smith v.*

*Westchester County,* 769 F. Supp.2d 448, 465 (S.D.N.Y. 2011) ("Eligibility is a threshold issue, and it is insufficient for Plaintiff to 'merely assert[ ] in a conclusory manner that he is eligible without stating any facts that relate to the definition of an eligible employee."), *quoting Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996) (dismissing FMLA claim where, *inter alia*, plaintiff stated in a conclusory manner that defendant discriminated against him for taking medical leave). Accordingly, it is recommended that plaintiff's FMLA claim be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendant's motion to dismiss (Dkt. #6), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u> *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         August 24, 2020

                                     **s/ H. Kenneth Schroeder, Jr.**
                                     **H. KENNETH SCHROEDER, JR.**
                                     **United States Magistrate Judge**

-11-