UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBORAH HEUSINGER,

　　　　Plaintiff,

v.                                                                     19-cv-1398 (JLS) (HKS)

CATHOLIC HEALTH HOME AND
COMMUNITY BASED CARE,[1]

　　　　Defendant.

---

## DECISION AND ORDER

Plaintiff Deborah Heusinger commenced this action on October 16, 2019, alleging age and disability discrimination and retaliation claims against her former employer, as well as a claim for violation of the Family and Medical Leave Act ("FMLA"), based on her employment with Defendant as a registered nurse. *See generally* Dkt. 1.

Defendant moved to dismiss Heusinger's complaint under Federal Rule of Civil Procedure 12(b)(6) on December 6, 2019. Dkt. 6. Shortly after, the Court[2] referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7. Heusinger

---

[1] Defendant claims that it was incorrectly sued as Catholic Health Home and Community Based Care and should have been named as Niagara Homemaker Services, Inc. d/b/a Mercy Home Care.

[2] Hon. Lawrence J. Vilardo, who was previously assigned to this case, issued the dispositive referral order. Dkt. 7. On January 5, 2020, this case was reassigned to the undersigned. Dkt. 10.

opposed Defendant's motion on January 17, 2020, (Dkt. 11), and Defendant replied on February 7, 2020 (Dkt. 12).

On August 24, 2020, Judge Schroeder issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion to dismiss. Dkt. 13. In particular, the R&R recommended dismissing Heusinger's age and disability discrimination and retaliation claims because Heusinger failed to timely file a charge of discrimination with the EEOC. *See id.* at 5-7. And it recommended dismissing Heusinger's FMLA claim for failure to state a plausible claim for relief. *See id.* at 7-10.

Heusinger objected to the R&R on September 8, 2020, arguing that the R&R impermissibly applied a heightened pleading standard that required her to plead specific facts to support a *prima facie* claim for relief. *See* Dkt. 14, at 2-3. She did not object to the R&R's recommendation that her age and disability discrimination and retaliation claims were untimely. *See generally id.* Heusinger also argued that, if the Court adopts the R&R, it should dismiss her claims without prejudice—or, in other words, should grant her leave to amend. *See id.* at 3. Defendant opposed Heusinger's objections and request for leave to amend on September 22, 2020. Dkt. 17. Heusinger replied on October 6, 2020. Dkt. 20.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendations of a magistrate judge to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court carefully reviewed the R&R and the relevant record. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to grant Defendant's motion to dismiss. The Court also considered Heusinger's request to amend her complaint but denies that request because Heusinger did not show how she would—or if she could—amend her complaint to state plausible claims for relief, despite multiple opportunities to do so. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (noting that "[a] counseled plaintiff is not necessarily entitled to a remand for repleading whenever [s]he . . . indicate[s] a desire to amend h[er] complaint, notwithstanding the failure of [her] counsel to make a showing that the complaint's defects can be cured," and concluding that the district court did not abuse its discretion in denying leave to replead where "plaintiff's counsel did not advise the district court how the complaint's defects would be cured").

For the reasons stated above and in the R&R, the Court GRANTS Defendant's motion to dismiss (Dkt. 6). Heusinger's complaint (Dkt. 1) is DISMISSED, with prejudice. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   October 8, 2020
         Buffalo, New York

                                  _____
                                  JOHN L. SINATRA, JR.
                                  UNITED STATES DISTRICT JUDGE